IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01263-SKC-KAS

MIDVALE INDEMNITY COMPANY, a Wisconsin corporation,

    Plaintiff/Counter Defendant,

v.

JENNIFER PREVITALI, also known as Jennifer Bowie, and
SHAWN BOWIE,

    Defendants/Counter Claimants.

ADRIAN DOMINGUEZ, and
SEAN CARNAHAN, individually and as parent and representative of minors S.C., S.C., and F.C.,

    Defendants.

_____

**ORDER ON DEFENDANT SHAWN BOWIE'S MOTION TO SET ASIDE ENTRY OF DEFAULT**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the court on Defendant Shawn Bowie's **Motion to Set Aside Default Judgment Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure** [#23][1] (the "Motion"). Plaintiff Midvale Indemnity Company filed a Response [#27] in opposition to the Motion [#23], and Defendant Bowie filed a Reply [#28].[2] The Motion [#23] has been referred to the undersigned. *See Memorandum* [#47]. The Court has

---

[1] "[#23]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court notes that Defendant Bowie was represented by Attorney Robert Pitler at the time the Motion [#23] was filed. However, Attorney Pitler has since withdrawn as counsel of record, and Defendant Bowie currently proceeds in this litigation pro se. *See Order Granting Withdrawal* [#49].

reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Court **GRANTS** the Motion [#23].[3]

### I. Background

This matter arises from a lawsuit filed on January 22, 2025, in Denver District Court, Case No. 2025CV30253 (the "Underlying Action"). *Compl.* [#1] at 2. In the Underlying Action, Defendant Sean Carnahan, individually and as representative of his three minor children, sued Defendant Bowie, among others, for fraudulent transfer, civil conspiracy, child abuse, and tortious interference with business relations. *Id.* at 12-14. Defendant Bowie was allegedly an assistant pastor and deacon at New Heights Baptist Church ("New Heights") with which all Defendants—at one point or another—were affiliated. *Id.* at 10-11. Plaintiff allegedly issued an insurance policy to New Heights, effective from April 1, 2023, through April 1, 2024, that provided business owners coverage to New Heights (the "Policy"). *Id.* at 5.

Plaintiff filed the instant lawsuit on April 21, 2025. *Id.* at 1. Through the instant lawsuit, Plaintiff asserts that, pursuant to the allegations in the Underlying Action, Plaintiff has no duty to indemnify Defendants in the Underlying Action. *Id.* at 15-16. Plaintiff alleges that Defendant Bowie, among others, is not insured under the Policy, and that the Policy only covers employees of New Heights to the extent they commit acts within the course and scope of their employment. *Id.* at 16. Ultimately, Plaintiff asserts that the allegations

---

[3] "A motion to set aside a clerk's entry of default is not a dispositive motion." *Goodwin v. Hatch*, No. 16-cv-00751-CMA-KLM, 2018 WL 3454972, at *4 (D. Colo. July 18, 2018) (citing *Finely v. CSA-Credit Sols. of Am., Inc.*, No. CIV-08-250, 2008 WL 5280551, at *1 (E.D. Okla. Dec. 18, 2008)). Accordingly, such motions—as distinguished from motions to set aside default *judgment*—are subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). *Allstate Fire & Cas. Ins. Co. v. Novosad*, No. 16-12481, 2016 WL 5430191, at *1 n.2 (E.D. Mich. Sept. 29, 2016) (collecting cases).

in the Underlying Action do not give rise to coverage under the Policy. *Id.* at 17. As such, Plaintiff requests a declaration from the Court that it owes no duty to defend in the Underlying Action. *Id.* at 18. Plaintiff also requests recoupment of costs it has incurred in defending the Underlying Action. *Id.* at 19.

The Clerk of Court issued a summons for Defendant Bowie on April 22, 2025. *See Summons* [#4-6]. Plaintiff filed a Motion for Entry of Default on July 1, 2025. *See Motion for Entry of Default* [#13]. In that Motion [#13], Plaintiff alleged that process was served on the secretary of New Heights on May 7, 2025. *Id*. at 2. Plaintiff stated that New Heights is Defendant Bowie's regular place of business, and therefore, service of process was proper pursuant to Colo. R. Civ. P. 4(e)(1). *Id.* Given Defendant Bowie's failure to plead or otherwise defend within the 21 days following service, Plaintiff argued that a Clerk's entry of default was proper. *See id.* at 3-4. The Clerk of Court entered default against Defendant Bowie on July 7, 2025. *See Clerk's Entry of Default* [#14].

Through the instant Motion [#23], Defendant Bowie asks the Court to set aside the entry of default pursuant to Rule 55(c). *Motion* [#23] at 1. Defendant Bowie asserts that Plaintiff did not properly serve him, and therefore, the Court lacks personal jurisdiction over him. *Id.* at 2. In support, Defendant Bowie attaches an affidavit in which he attests that he was a deacon at New Heights from January 11, 2023, through February 26, 2025. *First Bowie Aff*. [#23-2] at ¶ 3. He states that a deacon is "considered a position of non-paid ministry." *Id.* He therefore contends that service upon New Heights' secretary was improper because (1) he was not considered an "employee" of New Heights and (2) he was no longer affiliated with New Heights at the time service was effectuated. *See id*. [#23] ¶¶ 2, 3, 6; *see also Motion* [#23] at 2. He further attests that he had no actual

3

knowledge of this proceeding until his wife, Defendant Jennifer Previtali Bowie, was served with process. *First Bowie Aff*. [#23-2] ¶ 2.

Through its Response [#27], Plaintiff contends that Defendant Bowie fails to meet his burden of proof to set aside the Clerk's entry of default. *Response* [#27] at 2-3. Specifically, Plaintiff states that New Heights was Defendant Bowie's place of employment on May 7, 2025—the date service occurred. *Id.* at 3. Plaintiff also states that Defendant Bowie identified himself as a New Heights assistant pastor through filings in the Underlying Action, such as a Case Management Order in which Bowie stated he "denies that he has caused any harm to the minor [p]laintiffs, specifically as a result of his work as *assistant pastor*." *Id*. (emphasis added) (quoting Underlying Action's Case Management Order). Plaintiff contends that Defendant Bowie's representation in the Case Management Order—which was made *after* service in the instant action was effectuated—directly contradicts his assertion that he is a deacon and that he was unaffiliated with New Heights at the time service occurred. *Id.*

In his Reply [#28], Defendant Bowie maintains that it is "uncontradicted" that he was not employed by New Heights on May 7, 2025. *See Reply* [#28] at 1. He further argues that the Underlying Action's Case Management Order upon which Plaintiff relies is "not reliable" and that Plaintiff fails to provide any "supporting documentation". *Id.* at 2. In sum, Defendant Bowie maintains that he was not employed by New Heights at the time of service, and there is no evidence that the individual who accepted service "was [Defendant Bowie's] supervisor, secretary, administrative assistant, bookkeeper, human resources representative, or managing agent." *Id.* at 3; *see also Second Bowie Aff.* [#28-

4

2] at 1 (attesting that he has "never held [himself] out as assistant pastor and no one in [New Heights] would have ever thought of [him] as assistant pastor.").

## II.  Applicable Law

In relevant part, Fed. R. Civ. P. 55(c) states that "[t]he court may set aside an entry of default for good cause." However, "the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted). The primary factors in determining whether a defendant has met the good cause standard are: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.,* 65 F.3d 178 (Table), 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

"The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). However, the district court has broad discretion in determining whether to set aside an entry of default. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (reviewing decision to set aside entry of default for an abuse of discretion).

### III.  Analysis

**A.    Culpability of Defendant Bowie**

"If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Hunt*, 1995 WL 523646, at *3 (citation omitted). Here, Defendant Bowie attests that he was never properly served and "had no actual knowledge of [this] proceeding until [Defendant Previtali Bowie] was recently served." *First Bowie Aff.* [#23-2] at 1. Defendant Previtali Bowie was served on July 8, 2025. *See Executed Summons* [#16]. Nearly one month thereafter, Defendant Bowie entered an appearance and filed the instant Motion [#23].

Ultimately, there is no indication that Defendant Bowie willfully defaulted in this case. Defendant Bowie has since entered an appearance, filed a proposed Answer [#41-1] pending disposition of this Motion [#23],[4] and appeared at the October 2, 2025 Scheduling Conference. *See Notice of Entry of Appearance* [#22]; *Proposed Answer* [#41-1]; *Courtroom Minutes* [#37]. Though there may be issues regarding whether he was served in accordance with Fed. R. Civ. P. 4, the Court need not decide that issue. *See Viegas v. Owens*, No. 23-cv-02939-PAB-MDB, 2024 WL 6822392, at *2 (D. Colo. Jan. 24, 2024) (granting motion to set aside entry of default and declining to address the issue of improper service), *recommendation adopted*, 2024 WL 6822391 (D. Colo. Apr. 3, 2024). Accordingly, the Court finds that this factor weighs in favor of setting aside the Clerk's entry of default. *See id.*

---

[4] On October 14, 2025, Defendant Bowie filed a Proposed Answer and Counterclaim [#41, #41-1]. Defendant Bowie asks that his Proposed Answer [#41-1] be accepted for filing pending resolution of the instant Motion [#41]. *See* [#41] at 1.

6

**B.     Prejudice to Plaintiff**

Defendant Bowie contends that no party will be prejudiced if his Motion [#23] is granted because the case is in its early stages. *See Motion* [#23] at 2. "Prejudice is established when a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *SecurityNational Mortg. Co. v. Head*, No. 13-cv-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) (cleaned up). "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to the plaintiff except to require [him] to prove [his] case.'" *Crapnell v. Dillon Cos., Inc.*, No. 14-cv-01713-KLM, 2015 WL 328524, at *7 (D. Colo. Jan. 23, 2015) (quoting *Head*, 2014 WL 4627483, at *3). Additionally, "prejudice to the plaintiff is also mitigated where the defendant acted quickly to remedy the mistake." *Id.* at *6 (citing *Apex Mobility Transp., LLC v. First Transit, Inc.*, No. 14-cv-02645-REB-MEH, 2015 WL 59553, at *3 (D. Colo. Jan. 2, 2015)).

The Court finds that Plaintiff has not shown it would be prejudiced if the entry of default were set aside. *See generally Response* [#27] (failing to discuss prejudice); *see also Estate of Ortiz v. Lithia Motors, Inc.*, No. 08-cv-00907-PAB-KLM, 2009 WL 1258969, at *2 (D. Colo. May 5, 2009) (setting aside entry of default where plaintiff did not identify any undue prejudice it would suffer if entry of default were vacated). Defendant Bowie acted promptly upon entry of default and the case was (and still is) in an early procedural posture. Moreover, Plaintiff would have to proceed with its case against the other Defendants regardless of whether it had obtained default against Defendant Bowie. The

7

setting aside of default does no harm to Plaintiff beyond requiring it to prove its case, which is no harm at all. *See Crapnell*, 2015 WL 328524, at *7.

**C.     Meritorious Defenses**

"To determine whether a defense is meritorious, a court 'examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action.'" *Head*, 2014 WL 4627483, at *3 (quoting *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)). "The movant must provide 'a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious.'" *Id*.

The Motion [#23] and Reply [#28] are silent as to this factor. In his proposed Answer [#41], Defendant Bowie sets forth various affirmative defenses. *See Proposed Answer* [#41-1] at 5. For example, he alleges that he is an insured person pursuant to the Policy terms because he provided and/or engaged in "counseling activities" which entitles him to coverage. *Id.* He further asserts the defenses of estoppel and unclean hands. *Id.* at 5-6. These defenses, as written, are insufficient for the Court to determine whether they are meritorious. *See In re Stone*, 588 F.2d at 1319 (noting that a movant must "sufficient[ly] elaborat[e]" facts "to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious."). Therefore, the Court finds that Defendant Bowie has failed to establish a meritorious defense. Nonetheless, "the Court need not consider every factor in determining whether to set aside an entry of default." *Maes v. Bland*, No. 18-cv-00052-PAB-NYW, 2019 WL 4187528, at *3 (D. Colo. Sept. 3, 2019) (setting aside entry of default where defendant failed to demonstrate a meritorious

8

defense, but satisfied culpability and prejudice factors). Having found that Defendant Bowie's culpability and the prejudice to Plaintiff weigh in favor of setting aside the Clerk's entry of default, the Court concludes that the Clerk's entry of default should be set aside.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#23] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk's Entry of Default against Defendant Shawn Bowie [#14] is **VACATED**.

IT IS FURTHER **ORDERED** that Defendant Shawn Bowie's Proposed Answer [#41-1] is **accepted as filed**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall separately docket and appropriately identify Defendant Bowie's Answer [#41-1].

IT IS FURTHER **ORDERED** that Plaintiff shall respond to the Counterclaim, see [#41-1] at 6-7, **within 21 days of this Order**.

Dated: December 18, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge